IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS RAY HOWIE,

    Petitioner,               No. CIV S-07-0453 FVS DAD P

    vs.

RICHARD SUBIA,

    Respondent.            FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 24, 2010, the Honorable Fred Van Sickle, Senior U.S. District Judge, issued an order in which he denied four of the five claims asserted by petitioner in the instant petition, but reserved ruling with respect to petitioner's remaining claim of ineffective assistance of trial counsel. In that same order, Judge Van Sickle referred this matter to the undersigned to conduct an evidentiary hearing on petitioner's claim of ineffective assistance of trial counsel and thereafter to prepare findings and recommendations with regard to that claim. The evidentiary hearing was conducted on December 8, 2010. As set forth below, the undersigned will recommend that petitioner be denied federal habeas relief with respect to his ineffective assistance of counsel claim.

/////

## BACKGROUND

The background regarding petitioner's claim of ineffective assistance of trial counsel was set forth in Judge Van Sickle's September 24, 2010 order (hereinafter "Order"). That background is set forth, in relevant part, below.

> On October 12, 2000, Dennis Ray Howie was incarcerated in a prison in the State of California. His wife visited him. After the visit, Correctional Office Edward Sauceda searched him. Based upon what Officer Sauceda observed, he suspected Mr. Howie had hidden contraband in his rectum. As a result, Officer Sauceda placed him in a cell; intending to keep him there until he had a bowel movement. Mr. Howie asked to urinate. Officer Sauceda says that while Mr. Howie stood in front of a toilet, he retrieved a bindle of marijuana from his anus and attempted to flush the bindle down the drain. He was unsuccessful because a correctional officer had turned off the supply of water to the toilet. Officer Sauceda summoned assistance. A number of officers appeared. Several observed fecal material upon Mr. Howie's hands. Officer Sauceda was one. A Sergeant Franklin was a second. Officer David Collins was a third. Officer Collins escorted Mr. Howie to the infirmary, where he was examined by a medical technician. Officer Sauceda seized the bindle and reported the incident. On March 7, 2001, the Amador County district attorney filed a complaint in superior court charging Mr. Howie with knowingly possessing a controlled substance in a state prison.

(Order at 1-2.) Petitioner was represented at trial by attorney Allan Dollison. (Id. at 3.) The jury found petitioner guilty of the charged offense, and he was sentenced under California's Three Strikes Law to twenty-five years to life in state prison. (Id.)

## ANALYSIS

The claim that has been referred to the undersigned for evidentiary hearing and findings and recommendations is whether petitioner's trial counsel Mr. Dollison rendered ineffective assistance when he failed to interview the medical technician who examined petitioner to determine whether she saw fecal material on his hands. (Id. at 17-18.)[1] Petitioner

---

[1] Judge Van Sickle denied relief with respect to petitioner's claim that his trial counsel rendered ineffective assistance when he failed to introduce into evidence the report of the medical technician, which did not mention whether she saw feces on petitioner's hands when she examined him. (Id., at 15-18.) In so reluing, Judge Van Sickle reasoned that petitioner did not

2

1    claims that if such an interview revealed that the medical technician did not see fecal matter on
2    his hands, her testimony on this point would have supported the defense theory at trial that
3    Officer Sauceda fabricated the charges against petitioner and testified falsely at his trial.  (Pet. at
4    7-8.)  In this regard, petitioner argues, "it is reasonably likely that the jury would have acquitted
5    petitioner had it believed that petitioner did not actually have fecal material on his hands after the
6    events described by Sauceda."  (Id. at 8.)

7            Judge Van Sickle found that petitioner did not raise this claim of ineffective
8    assistance of trial counsel on direct appeal.  (Order at 16.)  Instead, the court found that petitioner
9    presented the claim to the California Court of Appeal and California Supreme Court in petitions
10   for a writ of habeas corpus.  Those petitions were summarily denied by the state courts.  (Id.)
11   Under these circumstances, this court must independently review the record to determine
12   whether habeas corpus relief is available under 28 U.S.C. § 2254(d).  Himes v. Thompson, 336
13   F.3d 848, 853 (9th Cir. 2003).

14           At the evidentiary hearing conducted on December 8, 2010, petitioner's trial
15   counsel testified that he did not attempt to contact the medical technician who examined
16   petitioner.  (Reporter's Transcript of December 8, 2010 Evidentiary Hearing, at 26.)  Trial
17   counsel explained that petitioner's "over-involvement in the case" prevented him from focusing
18   on what was important; his defense investigator was not particularly effective; and counsel
19   believed that, in light of the inconsistencies in the testimony of some of the prosecution
20   witnesses, "less information for the jury might have been better."  (Id. at 26-27, 29.)  When asked
21   why he did not call the medical technician as a witness at petitioner's trial, counsel offered that
22   he hadn't interviewed her or issued a subpoena for her attendance, and he thought there was a
23   possibility her testimony might bolster the prosecution's case in the event she testified she saw

---

25   suffer any prejudice from his trial counsel's failure to introduce the report into evidence because
     the report's silence with regard to whether the technician saw fecal material on petitioner's hands
26   would not have supported or undermined either the defense theory or the evidence offered by the
     prosecution at petitioner's trial.  (Id. at 17-18.)

3

1  feces on petitioner's hands.  (Id. at 54.)  Because trial counsel never interviewed the medical
2  technician, he did not know what the substance of the medical technician's testimony would have
3  been.  (Id. at 54-55.)  Trial counsel testified he would have called her as a witness at petitioner's
4  trial if he had ascertained that she would testify she examined petitioner's hands and did not see
5  any feces on them.  (Id. at 55, 59.)  Trial counsel further testified that, while he did not remember
6  whether he thought about calling the medical technician as a witness, he was "sure [he] did."  (Id.
7  at 57.)  Counsel testified that he thought he may have decided against interviewing the medical
8  technician because she might not have remembered what happened.  (Id.)  Trial counsel also
9  testified that he simply "just didn't give it a whole lot of thought."  (Id. at 57, 62.)

10         On cross-examination, trial counsel read into the record an email response he had
11  sent to petitioner's current counsel, in which he wrote that:  he "didn't do what I was supposed
12  to" with regard to the medical technician; he "realized relatively late" that the technician was a
13  "very critical witness; he doubted the technician would have had an independent memory of
14  examining petitioner; the technician's report may have helped the defense case; he did not have
15  enough time to conduct a proper investigation; and that petitioner's involvement in his own
16  defense resulted in emphasizing unimportant matters.  (Id. at 68-69.)

17         The medical technician who examined petitioner following the incident in
18  question also testified at the evidentiary hearing as follows.  She was a registered nurse working
19  at Mule Creek State Prison when she examined petitioner and wrote a form report documenting
20  the examination.  (Id. at 71-72.)  She had no independent recollection of the events documented
21  in the report.  (Id. at 72, 77, 80.)  She probably would not have noted on the form if petitioner
22  had fecal material on his hands or arms.  (Id. at 80, 84.)  She explained that the form was for the
23  purpose of describing medical injuries or trauma only.  (Id. at 80-81, 83, 85.)  She stated the form
24  reflected only that she saw "no injuries or marks" on petitioner.  (Id. at 89.)  She would not
25  necessarily have noted on the form whether she observed feces on petitioner's hands because
26  "it's not an injury" and would not have required medical attention.  (Id.)  The medical technician

4

1  emphasized that "if it wasn't an injury or a trauma, then I don't put it on the trauma sheet." (Id.)
2  She reiterated that the report was "strictly for trauma injury . . . like bruises or marks or that kind
3  of thing." (Id. at 90.) She also reported that sometimes prisoners were "showered" or "cleaned
4  up" before they were brought up to her for examination. (Id. at 92.)

5        The Sixth Amendment guarantees the effective assistance of counsel. The United
6  States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in
7  Strickland v. Washington, 466 U.S. 668 (1984). To support a claim of ineffective assistance of
8  counsel, a petitioner must first show that, considering all the circumstances, counsel's
9  performance fell below an objective standard of reasonableness. 466 U.S. at 687-88. After a
10 petitioner identifies the acts or omissions that are alleged not to have been the result of
11 reasonable professional judgment, the court must determine whether, in light of all the
12 circumstances, the identified acts or omissions were outside the wide range of professionally
13 competent assistance. Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003).

14       Second, a petitioner must establish that he was prejudiced by counsel's deficient
15 performance. Strickland, 466 U.S. at 693-94. Prejudice is found where "there is a reasonable
16 probability that, but for counsel's unprofessional errors, the result of the proceeding would have
17 been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine
18 confidence in the outcome." Id. See also Williams v. Taylor, 529 U.S. 362, 391-92 (2000);
19 Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).

20       The court will assume, arguendo, that petitioner's trial counsel was deficient in
21 failing to have the medical technician interviewed in order to determine whether she saw feces on
22 petitioner's hands and, depending on the results of that interview, in failing to call her as a
23 defense witness at petitioner's trial. Nonetheless, petitioner has failed to demonstrate any
24 prejudice flowing from his counsel's deficient performance in this regard. There is no evidence
25 before the court that the medical technician would have testified she did not see feces on
26 petitioner's hands when she examined him following the incident in question. Rather, she did

5

1   not recall the particular incident at all and did not remember whether she saw feces on
2   petitioner's hands or not.  Most importantly perhaps, the medical technician explained at the
3   evidentiary hearing that her trauma sheet report of examination did not at all suggests that
4   petitioner did not have feces on his hands.  This is because she would not have noted the
5   presence of feces on the trauma report since that would not have been injury and only injuries
6   were to be listed on the report.

7   Thus, there is no reason to believe that had petitioner's counsel interviewed the
8   medical technician, called her as a trial witness or introduced her trauma report into evidence,
9   that the result of petitioner's trial would have been different.  See Strickland, 466 U.S. at 694; see
10  also Tinsley v. Borg, 895 F.2d 520, 532 (9th Cir. 1990) (prejudice not shown stemming from
11  counsel's failure to present witness testimony where that evidence was insufficient to create a
12  reasonable probability of a different result at trial); United States v. Berry, 814 F.2d 1406, 1409
13  (9th Cir. 1987) (where petitioner offers no indication how the testimony would have changed the
14  outcome, prejudice is not shown).  In short, petitioner has failed to present any evidence that the
15  medical technician could have provided testimony helpful to the defense or harmful to the
16  prosecution's case.  In light of this record, trial counsel's failure to interview the medical
17  technician does not undermine confidence in the outcome of petitioner's trial.  Therefore,
18  petitioner is not entitled to federal habeas relief with respect to his ineffective assistance of trial
19  counsel claim.

CONCLUSION

21  Accordingly, IT IS HEREBY RECOMMENDED that petitioner's claim that his
22  Sixth Amendment right to constitutionally effective representation of counsel was abridged by
23  trial counsel's failure to interview the medical technician and call her as a witness at his trial be
24  denied.

25  These findings and recommendations are submitted to the United States District
26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 16, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
howie453.hc